# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

|  |  |
|---|---|
| Jerry Malsack, | : |
| | : |
| Plaintiff, | : Civil Action No.: 2:13-cv-01042 |
| v. | : |
| | : |
| American Credit Acceptance Corporation; and | : **COMPLAINT AND** |
| DOES 1-10, inclusive, | : **DEMAND FOR JURY TRIAL** |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiff, Jerry Malsack, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.      The Plaintiff, Jerry Malsack ("Plaintiff"), is an adult individual residing in Kenosha, Wisconsin, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant American Credit Acceptance Corporation ("ACCC"), is a South Carolina business entity with an address of 340 East Main Street, Suite 500, Spartanburg, South

Carolina 29302, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.  Does 1-10 (the "Collectors") are individual collectors employed by ACCC and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.  ACCC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

7.  A financial obligation (the "Debt") was allegedly incurred to an original creditor (the "Creditor").

8.  The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.  The Debt was purchased, assigned or transferred to American for collection, or American was employed by the Creditor to collect the Debt.

10.  The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  ACCC Engages in Harassment and Abusive Tactics

11.  Within the last year, ACCC contacted Plaintiff in an attempt to collect the Debt which was incurred by a person other than Plaintiff (the "Debtor").

12.  During the initial conversation and during every conversation thereafter, Plaintiff informed ACCC that he was not the Debtor, that he did not know the Debtor or his whereabouts and that he was in no way responsible for the repayment of the Debt.

2

13.     Despite having been so informed on several separate occasions, ACCC continued calling Plaintiff at his residential telephone number in an attempt to collect the Debt.

14.     These repeated collection calls caused Plaintiff to feel annoyed and frustrated.

**C.  Plaintiff Suffered Actual Damages**

15.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

17.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

20.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

3

21.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

22.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

23.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

5. Such other and further relief as may be just and proper.

Dated: September 13, 2013

Respectfully submitted,

By /s/ Amy L. Cueller
Amy L. Cueller, Esq., #15052-49
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: acueller@lemberglaw.com
Attorneys for Plaintiff

4